(April 10, 1901.)

## NORDYKE & MARMON CO. v. McCONKEY, JUSTICE.

[64 Pac. 893.]

WRIT OF REVIEW—JUSTICE'S COURT—APPELLATE JURISDICTION.—A writ of review will lie to review the judgment of a justice's court by a district court when such judgment is attacked for want of jurisdiction in said justice's court. A judgment rendered and entered in a justice's court cannot be reviewed by *certiorari* in the supreme court. The supreme court has jurisdiction to review a final judgment in a proceeding by *certiorari* in the district court commenced to review a judgment of a justice of the peace, either by *certiorari* or by appeal.

(Syllabus by the court.)

An original proceeding by *certiorari.*

James W. Reid, for Plaintiff, cites no authorities on the points decided by the court.

Needham & Walker, for Defendant.

We maintain that this case has been fully adjudicated in the district court of the second judicial district of the state of Idaho, in and for Nez Perces county, and that the relator is estopped from further proceedings by writ of error or otherwise to said justice of the peace by such former adjudication. The former adjudication is a finality, concluding parties and privies as to every matter received to sustain or to defeat the claim, and as to what might have been offered for that purpose. (Anderson's Law Dictionary, 30; *Cromwell v. County of Sac*, 94 U. S. 251-258; *State ex rel. Shing v. Lenahan,* 17 Mont. 518, 43 Pac. 712; *Turnpike Joint Stock Co. v. Board of Super-*

*visors of the County of Santa Clara,* 62 Cal. 40.)   We further maintain that the time for the issuance of a writ of error to said justice of the peace has elapsed, and that relator is barred from that right at this time, more than one year having elapsed since the rendition of said judgment, to wit, December 29, 1899.   Sections 4807, 5005 and 5006 of the Revised Statutes of the state of Idaho relating to procedure on writs of error and otherwise.   (*McMillan v. Wolley,* 6 Idaho, 36, 51 Pac. 1029-1032.)

QUARLES, C. J.—This proceeding was commenced in this court to obtain a writ of review to bring into this court and review the action of the justice's court of Lewiston precinct, in the county of Nez Perces, in an action commenced in said justice's court by one D. H. Spencer, Jr., as plaintiff, against the said petitioner, to recover a debt, in which action judgment was rendered in said justice's court in favor of said plaintiff therein and against the said petitioner for the sum of $256.50. By agreement of parties the writ was issued, and return made thereto.   The petitioner moved for an order requiring the defendant to amend his return to the writ so as to bring into this court the pleadings and all of the proceedings in said justice's court.   The petition for the writ alleged that an application for a writ of review to review the action of the said justice's court had been made to the district court of the second judicial district in and for Nez Perces county, and by said district court denied.   Both parties here admit that an application was made to the said district court for a writ of review, and that said writ was issued by the said district court, and that, upon hearing the proceeding upon the return to said writ, the said district court affirmed the judgment of the said justice's court.

We must quash the writ issued by this court, and dismiss the proceeding, for the following reasons, to wit: 1. This court has no jurisdiction to review by *certiorari* a judgment of a justice of the peace; 2. The remedy of the plaintiff is by appeal from the judgment of the district court affirming the judgment of the said justice's court.   Under our constitution and laws, this court may review any order or judgment of a district

court. A final judgment in an action or proceeding in a district court is appealable, and may be reviewed upon appeal in this court. A proceeding for a writ of review or *certiorari* may be had in a district court to review a judgment of a justice's court, when it is claimed the justice's court acted in excess of jurisdiction or without jurisdiction. And in such proceeding the final judgment of the district court is appealable to this court. For the foregoing reasons, the writ of review heretofore issued is quashed, and this proceeding is dismissed, without prejudice to the petitioner, and costs awarded to the defendant.

Sullivan and Stockslager, JJ., concur.